# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2012

Lyle W. Cayce
Clerk

No. 11-41228
Summary Calendar

JUAN ROJAS,

Plaintiff - Appellant

v.

JUDITH M. RODDAM; UNKOWN DEWBERRY; UNIDENTIFIED MARSHALL; UNIDENTIFIED HICKS; UNKNOWN PROCTOR,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-479

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Rojas, Texas prisoner # 1108373, proceeding *pro se* and *in forma pauperis*, challenges the district court's dismissal of his civil-rights complaint as time-barred, pursuant to 28 U.S.C. § 1915A(b)(1). In his complaint, filed in September 2011, Rojas alleged:  defendants failed to protect him from other inmates who put arsenic in his coffee; and defendants acted with deliberate indifference to his medical conditions resulting from the poisoning.  Grievance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records filed by Rojas include one dated 23 December 2008 claiming his food had been poisoned by another inmate.

Rojas contends the two-year limitation period—here, provided by Texas law—was tolled because he was of "unsound mind". In that regard, under Texas law, "a person is under a legal disability if the person is . . . of unsound mind". Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a)(2). "If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." *Id.* § 16.001(b).

The medical and grievance records submitted by Rojas, such as in January 2009, do not support his contention that the limitation period was tolled under § 16.001(b) because he was of "unsound mind" and suffered from a "legal disability". *E.g.*, *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993) ("The disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or even understand the progression and disposition of [his] lawsuit."); *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987) (declining to toll Texas limitation period under "unsound mind" provision of § 16.001 because plaintiff's depression merely distracted him from pursuing cause of action and did not render him unable to manage his affairs or comprehend legal rights).

Rojas also contends the limitation period was tolled because he is imprisoned. Section 16.001 no longer provides that the limitation period is tolled during imprisonment. Tex. Civ. Prac. & Rem. Code Ann. § 16.001, Historical and Statutory Notes (discussing 1987 amendment).

Accordingly, the judgment is AFFIRMED. The district court's dismissal of Rojas' complaint under 28 U.S.C. § 1915A constitutes a strike for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Rojas is WARNED that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or

detained in any facility, unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).